IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK J. LEACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 01-2364 |
| | ) |
| NORTHWESTERN MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION

COHILL, D.J.

Before the Court is Defendant's petition for an award of attorneys' fees and costs as the prevailing party in this litigation (Doc. 75 ). Plaintiff has not filed any objections to this petition. For the reasons set forth below, this petition will be granted. Attorneys' fees and costs in the amount of $ 228,005.38 will be awarded to the Defendant as the prevailing party in this action.

### Background

Plaintiff Mark J. Leach filed this action against Northwestern Mutual Insurance Company ("Northwestern Mutual"), seeking payments under a disability insurance policy issued by the defendant. Leach alleged breach of contract, bad faith under 42 Pa.C.S. § 8371, and deceptive business practices in violation of 73 Pa.C.S.A. § 201-1 *et seq.* Northwestern Mutual filed a counterclaim for damages for breach of contract, unjust enrichment, misrepresentation, and fraud.

The parties filed cross-motions for summary judgment. By Opinion and Order dated December 22, 2005, we denied Plaintiff's motion for partial summary judgment, and granted summary judgment in favor of the Defendant on Plaintiff's bad faith and deceptive business practices claims. Plaintiff's breach of contract claim and Defendant's counterclaims were tried to a jury beginning September 5, 2006. On September 13, 2006, the jury found in favor of the Defendant on all claims and counterclaims.

Following the jury verdict for the Defendant, we granted Defendant's motion to mold the

verdict and for attorneys' fees, and directed the Defendant to submit the amount of fees and costs of suit along with evidence in support thereof.

Henry M. Sneath, Esquire was the lead trial attorney for Northwestern Mutual. He has now filed a petition for fees and costs with supporting affidavits and exhibits. Plaintiff has filed no objections to this petition, nor in any way challenged it before this Court.

## Applicable Legal Standard

In determining an award of attorneys' fees we use the "lodestar" formula, which requires that we multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate, plus reasonable expenses. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Loughner v. University of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001). We must articulate the basis for any fee award. *Pennsylvania Environ. Def. v. Canon-McMillan*, 152 F.3d 228, 232 (3d Cir. 1998).

## Fee Petition

Our starting point in determining the appropriate hourly rate is the attorney's usual billing rate. *Pennsylvania Environ. Def.*, 152 F.3d at 231, (citing *Public Interest Research Group of N.J., Inc. v Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995)).

Mr. Sneath is an experienced and respected litigator, and we find that his standard hourly rate of $ 250.00 per hour is representative of the present prevailing market rate for federal litigation by attorneys of his caliber. The hourly associate billing rate of $ 160.00 and $165.00 per hour, and the paralegal rate of $90 per hour, are reasonable as well.

The second component of the lodestar determination is calculating the time reasonably expended on this litigation. We are required to "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pennsylvania Env. Def.*, 152 F.3d at 232 (quoting *Windall*, 51 F.3d at 1188). We are directed to "reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents

the hours claimed." *Loughner*, 260 F.3d at 178. The party opposing the fee award has the burden of challenging the reasonableness of any requested fee. *Id.* (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). It is clear that "[t]he district court cannot 'decrease a fee award based on factors not raised at all by the adverse party.'" *Id.*

Northwestern Mutual is the prevailing party in this litigation, having achieved success on each of its claims. Plaintiff has not challenged the reasonableness of Defendant's affidavit of fees and costs.

The exhibits attached to Mr. Sneath's affidavit asserts that a total of 1163.00 hours were expended by Defendant's attorneys and paralegals on this litigation. Exhibit D summarizes the hours billed and rates charged as follows: lead counsel, 432.8 hours; associates and paralegals, 730.20 hours. Counsel for the Plaintiff has not in any way objected to this calculation. Itemized costs of suit total $20,531.38. We have carefully reviewed Defendant's itemized fees, costs, and expenses, and find that the activities and legal services performed and the hours expended in this litigation were necessary to the relief granted. We see no excessive or duplicative fees, costs, or expenses. As Northwestern Mutual has successfully defended itself against each of Plaintiff's claims, and has been successful on each of its counterclaims, we need not reduce the listed fees or expenses by any effort expended on behalf of unsuccessful claims. For these reasons we conclude that 1163.00 hours were reasonably spent on this litigation, and we accept Defendant's attorneys' fees, costs, and expenses as itemized.

### Lodestar Calculation

Having determined that Northwestern Mutual reasonably expended 1163.00 hours on this litigation, we calculate Mr. Sneath's fees by multiplying 432.8 hours times his reasonable hourly rate of $250.00, for a total of $108,200.00. The 730.20 hours expended by associates and paralegals and billed at varying rates, totals $99,274.00. Thus a total award of $207,474.00 in attorneys' fees is appropriate in this case.

### Costs of Litigation

Defendant has presented the itemized bills and receipts of costs incurred during this lengthy litigation. After reviewing these submissions, we are satisfied that they are neither excessive nor duplicative, and we will award the Defendant $20,531.38 for costs of suit.

## Conclusion

For the reasons set forth above, Defendant's petition for an award of attorneys' fees and costs of suit (Doc. 75) will be granted. Northwestern Mutual shall be awarded attorneys' fees in the amount of $207,474.00, and costs in the amount of $20,531.38, for a total of $228,005.38. An appropriate Order follows.

November 16, 2006
Date

Maurice B. Cohill, Jr.
Senior United States District Judge